UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ANDI KRAJA, | |
|           Plaintiff(s), | Case No. 2:15-cv-01983-APG-NJK |
| vs. | ORDER |
| BELLAGIO, LLC, et al., | (Docket No. 29) |
|           Defendant(s). | |

Pending before the Court is Defendants' Motion to Strike Plaintiff's Experts pursuant to Rule 37(c)(1).[1] Docket No. 29. Plaintiff filed a response, and Defendants filed a reply. Docket No. 38, 39. The Court finds the motion properly resolved without oral argument. *See* Local Rule 78-2. For the reasons discussed more fully below, the Court hereby **GRANTS** Defendants' Motion to Strike.

**I.     BACKGROUND**

This discovery dispute arises out of an employment case. Docket No. 1-2. On November 23, 2015, the Court entered a scheduling order, setting, *inter alia*, the deadline for initial expert disclosures for February 18, 2016. Docket No. 16 at 2. On February 17, 2016, Plaintiff disclosed four expert witnesses. Docket No. 29 at 4. Plaintiff disclosed four medical practitioners to establish "general compensatory and punitive damages" and to establish Plaintiff's "emotional distress[.]" *Id.* at 4, 6. The disclosure was the same for each of the four expert witnesses and read:

---

[1] Unless otherwise specified, references to "Rules" refer to the Federal Rules of Civil Procedure.

> The witness is Plaintiff's treating physician and is expected to give testimony pursuant to FRE 702, 703 or 705. The subject matter of this expert witness's testimony will be as to the witness's personal observations, examinations, evaluations, and opinions of Plaintiff's serious health condition. The witness is expected to testify as to the examinations and evaluations of Plaintiff's serious health condition.

Docket No. 29-3 at 2-4. Defendants ask the Court to strike Plaintiff's experts. Docket No. 29.

## II.  STANDARDS

A party must disclose the identity of any expert witness he intends to use at trial. Fed.R.Civ.P. 26(a)(2)(A). There are three classes of experts: witnesses specially employed to give expert testimony; witnesses who are not specifically employed to testify, but may provide expert testimony; and so-called hybrid expert witnesses. Fed.R.Civ.P. 26(a)(2)(A)-(C); *see also Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 826 (9th Cir. 2011) (discussing the "hybrid expert situation").

For experts specially employed to give expert testimony, a party must provide a detailed written report. Fed.R.Civ.P. 26(a)(2)(B); *see also Elgas v. Colorado Belle Corp.*, 179 F.R.D. 296, 298 (D. Nev.1998). "The test of a report under Rule 26(a)(2)(B) is 'whether [it] is sufficiently complete, detailed and in compliance with the Rules so that surprise is eliminated, unnecessary depositions . . . avoided, and costs are reduced.'" *Izzo v. Wal-Mart Stores, Inc.*, 2016 WL 593532, at *2 (D. Nev. Feb. 11, 2016).

Experts who are not specially employed to give expert testimony are not required to provide a detailed written report. Fed.R.Civ.P. 26(a)(2)(C). Instead, they must specify the subject matter on which the witness is expected to give expert testimony and "a summary of the facts and opinions to which the witness is expected to testify." *Id*. "The disclosures are designed to be 'considerably less extensive' than those required under Rule 26(a)(2)(B) and courts 'must take care against requiring undue detail.'" *Moshi v. State Farm Mut. Auto. Ins. Co.*, 2013 WL 9600669, at *2 (D. Nev. May 30, 2013) (citing advisory committee's notes to 2010 Amendments). "Treating physicians or other health care professionals are primary examples of those who must be identified under Rule 26(a)(2)(A) and provide disclosures pursuant to Rule 26(a)(2)(C)[.]" *Id*.

A hybrid expert witness is a treating physician who is retained "to render expert testimony beyond the scope of the treatment rendered." *Goodman*, 644 F.3d at 826 (holding that treating physician was a hybrid expert where attorney hired him to give treatment in addition to opining on party's medical records that had not been reviewed during the course of treatment). To the extent a hybrid expert's testimony goes beyond the scope of treatment, he must provide a written report that complies with Rule 26(a)(2)(B). *Id*.

When a party fails to meet his expert disclosure obligations, the Court turns to Rule 37(c) to determine whether sanctions are appropriate. Rule 37(c)(1) provides that a non-compliant party is "not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." The party facing the sanction has the burden of showing substantial justification or harmlessness. *See Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106-07 (9th Cir. 2001). Even where non-disclosure is neither harmless nor justified, however, courts are not required in all instances to exclude evidence as a sanction. *Jackson v. United Artists Theatre Circuit, Inc.*, 278 F.R.D. 586, 594 (D. Nev. 2011). The court has wide discretion in determining the sanction. *See Yeti*, 259 F.3d at 1106. In determining the appropriate sanction, the Court looks to five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *See Wendt v. Host Int'l, Inc.*, 125 F.3d 806, 814 (9th Cir. 1997). Moreover, where evidence exclusion "amount[s] to dismissal of a claim, the district court [is] required to consider whether the noncompliance involved willfulness, fault, or bad faith." *R&R Sails, Inc. v. Insurance Co. Of Penn.*, 673 F.3d 1240, 1247 (9th Cir. 2012).

**II.   ANALYSIS**

The Court finds that Plaintiff's disclosures fail to meet the requirements of Rule 26(a)(2)(C).[2] To begin, it is self-evident that Plaintiff's boilerplate disclosures are wholly devoid of a summary of facts and opinions to which each witness is expected to testify.

While the Court does not expect undue detail, Rule 26(a)(2)(C) requires some detail. Such disclosures must contain a "summary of . . . facts[.]" Rule 26(a)(2)(C)(ii). Plaintiff's conclusory statement in each disclosure that the testimony will concern "evaluations of Plaintiff's serious health condition" does not satisfy this standard because it is entirely lacking factual content. *See*, *e.g.*, Docket No. 29-3 at 2. What these evaluations consisted of, or what Plaintiff's serious health conditions are, are simply left undisclosed.

---

[2] Due to the ambiguity of Plaintiff's disclosure, it is unclear whether Plaintiff's expert witnesses, as a matter of law, qualify as treating healthcare professionals or hybrid expert witnesses. Because the disclosures fail even under the more permissive standard, however, the Court finds that this issue is irrelevant to the determination of the instant motion.

1    Plaintiff's disclosures also fail to include what the experts' actual opinions are. Instead, they merely provide that the "testimony will be as to the witness's personal observations, examinations, evaluations, and opinions of Plaintiff's serious health condition." *Id.* These disclosures, therefore, fail to comply with Rule 26(a)(2)(C). *See Pineda v. City & Cnty. of San Francisco*, 280 F.R.D. 517, 523 (N.D. Cal. 2012) (determining that the plaintiff's supplemental disclosure did not comply with Rule 26(a)(2)(C) because it did not "contain a summary of the facts and opinions to which each witness will testify"); *Flonnes v. Prop. & Cas. Ins. Co. of Hartford*, 2013 WL 2285224, *5 (D. Nev. May 22, 2013) (same).

Plaintiff's "Amended Expert Disclosures" do not cure his inadequate initial expert disclosures. Supplementation of initial disclosures under Rule 26(e) "means correcting inaccuracies, or filling the interstices of an incomplete report based on information that was not available at the time of the initial disclosure." *Luke v. Family Care & Urgent Med. Clinics*, 323 Fed.Appx 496, 500 (9th Cir. 2009) (citing *Keener v. United States,* 181 F.R.D. 639, 640 (D. Mont. 1998)). It is not "a loophole through which a party who submits partial expert witness disclosures, or who wishes to revise her disclosures in light of her opponent's challenges to the analysis and conclusions therein, can add to them to her advantage after the court's deadline for doing so has passed." *Luke*, 323 Fed.Appx at 500. Here, after the initial expert disclosure deadline had passed, Plaintiff supplemented his partial disclosures in light of his opponent's challenges, using information that had been initially available to him and not to fill the interstices of the expert's report.

Accordingly, Plaintiff may not use these experts unless Plaintiff can show that these inadequate disclosures were substantially justified or harmless. The Court finds that Plaintiff has failed to make either showing.

Plaintiff does not contend that his failure to properly disclose these experts was substantially justified. Docket No. 38 at 8-10. Rather, he submits it was harmless because the Court granted an extension of the rebuttal expert deadline, Plaintiff amended his disclosures, any "perceived deficiency is capable of being cured before the close of discovery[,]" and the trial date is far off. *Id.* at 9. Defendants submit that Plaintiff's disclosures are harmful because they are now forced to depose "each of the four experts without knowing the facts and opinions that these providers are expected to testify" about and to "blindly obtain a rebuttal expert." Docket No. 29 at 7-8.

4

Plaintiff's argument regarding the extension of the rebuttal expert deadline is unpersuasive. This extension and the motion practice that followed were caused by Plaintiff's defective disclosures. Plaintiff should not be able to benefit from the extension caused by his failure to comply with the Federal Rules of Civil Procedure. *See Apple Inc. v. Samsung Elecs. Co.*, 888 F. Supp. 2d 976, 999 (N.D. Cal. 2012) (party should not be permitted to benefit from discovery misconduct). Further, rather than establish that Plaintiff's conduct was harmless, the necessity of this extension demonstrates that Plaintiff's disclosures undermined the Court's ability to manage its docket and delayed the expeditious resolution of this case.

Plaintiff's inadequate disclosures also prejudiced Defendants. Rule 26(a)(2)(C) strikes a balance between requiring an expert report from a treating physician, and requiring Defendants to peruse medical records in an attempt to guess at what the testimony of a treating physician might entail. *See Flonnes*, 2013 WL 2285224 at *2 (D. Nev. May 22, 2013) (explaining the tension that Rule 26(a)(2)(C) resolves). Because Plaintiff's disclosures fail entirely to provide Defendants with notice of the actual opinions that these witnesses are expected to offer, Plaintiff's disclosures upset this balance. Rule 26(a)(2)(C) entitles Defendants to this information on the initial expert disclosure deadline, not sometime "before the close of discovery." Docket No. 38 at 9. As a result, Defendants were deprived of the benefit to which they were entitled under Rule 26(a)(2)(C) and are prejudiced by being forced to prepare a rebuttal expert in the dark. *Goben v. Wal-Mart Store, Inc.*, 2014 WL 2736088, *2 (D. Nev. June 16, 2014) ("Rebuttal expert testimony is restricted to subjects which are 'intended solely to contradict or rebut evidence on the same subject matter identified by another party'"). To further compound matters, Plaintiff has now revoked his medical release, depriving Defendants' rebuttal expert of even the opportunity to review Plaintiff's medical records. *See* Docket No. 39 at 4 n.2.

Further, Plaintiff's argument that he did not act in bad faith is inapposite. A showing of "willfulness, fault, or bad faith" is only required where the sanction is tantamount to dismissal. *See Yeti by Molly, Ltd.*, 259 F.3d at 1106. A showing of bad faith is not required to exclude expert witnesses under Rule 37(c)(1). *Id.* (standard inapplicable because exclusion of expert witness "although onerous, was less than a dismissal").

Plaintiff does not address whether exclusion serves the public policy favoring disposition on the merits, nor whether lesser sanctions are available. Docket No. 38 at 9-10. Accordingly, the Court finds that Plaintiff

5

has not carried his burden of showing harmlessness and the *Wendt* factors favor exclusion. *See Yeti by Molly, Ltd.*, 259 F.3d at 1106-07.

Further, Defendants request an award of reasonable attorneys' fees and costs. Docket No. 29 at 8. Because Plaintiff's patently defective disclosures led to avoidable motion practice and the needless expenditure of attorneys' fees and costs, the Court **GRANTS** Defendants' request for reasonable attorneys' fees and costs incurred in prosecuting the instant motion. *Baltodano v. Wal-Mart Stores, Inc.*, 2011 WL 3859724 *6 (D. Nev. Aug. 31, 2011) (excluding evidence under Rule 37(c)(1) and awarding reasonable attorneys' fees). The Court encourages the parties to meet and confer and reach an agreement on the appropriate amount for this sanction. If the parties do not reach an agreement, Defendants' counsel shall file, no later than April 29, 2016, an affidavit of reasonable expenses and attorneys' fees incurred in prosecuting this motion. Defendants must show their request is reasonable. *See Marrocco v. Hill*, 291 F.R.D. 586 (D. Nev. 2013). Failure to file the affidavit within that time will result in no award. Plaintiff shall file a response no later than May 6, 2016. Any reply shall be filed no later than May 10, 2016.

### III. CONCLUSION

For the reasons discussed more fully above, Defendants' Motion to Strike Plaintiff's Experts, Docket No. 29, is hereby **GRANTED**.

IT IS SO ORDERED.

DATED: April 22, 2016

_____
NANCY J. KOPPE
United States Magistrate Judge