PATRICK H. HICKS, ESQ., Bar # 004632
MONTGOMERY Y. PAEK, ESQ., Bar # 10176
AMY L. BAKER, ESQ., Bar # 11907
LITTLER MENDELSON, P.C.
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
Telephone:   702.862.8800
Fax No.:      702.862.8811
Email:          phicks@littler.com
                   mpaek@littler.com
                   abaker@littler.com

Attorneys for Defendants
BELLAGIO, LLC and VINCENT ROTOLO

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ANDI KRAJA,<br><br>                    Plaintiff,<br><br>vs.<br><br>BELLAGIO, LLC, a Nevada Corporation; VINCENT ROTOLO, an individual; ROE Business Organizations I-X; and DOE INDIVIDUALS I-X, Inclusive,<br><br>                    Defendants. | Case No. 2:15-cv-01983-APG-NJK<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT** |

Defendants BELLAGIO, LLC and VINCENT ROTOLO ("Defendants") by and through their attorneys of record, Littler Mendelson, hereby answer Plaintiff's Second Amended Complaint as follows:

**I.     JURISDICTION AND VENUE**

1.     Answering Paragraph 1 of the Second Amended Complaint, Defendants admit the Court has subject matter jurisdiction only with respect to Plaintiff's Title VII claims for national origin discrimination and retaliation based on the 2015 Lago test and audition and that the Court may exercise supplemental jurisdiction over Plaintiff's claims arising under state law.  Defendants deny the Court has subject matter jurisdiction over all other remaining claims.  Defendants admit that

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169.5937
702.862.8800

Plaintiff was employed by Defendant Bellagio in Clark County, Nevada but deny that all of the material events complained of occurred at all and therefore deny that all of the material events complained of took place in Clark County, Nevada.

2. Answering Paragraph 2 of the Second Amended Complaint, Defendants admit this is a civil action and Plaintiff has brought claims under federal statutes prohibiting discrimination and claims under the common law of Nevada. Defendants deny they deprived Plaintiff's rights under any federal statute or state common law and deny that Plaintiff is entitled to any damages.

3. Answering Paragraph 3 of the Second Amended Complaint, Defendants admit that Plaintiff's complaint purports to assert claims under Title VII of the Civil Rights Act of 1964, but deny they violated Plaintiff's rights under Title VII of the Civil Rights Act of 1964.

4. Answering Paragraph 4 of the Second Amended Complaint, Defendants admit they received notice that Plaintiff filed a Charge of Discrimination identified as EEOC No. 487-2015-00789, and that the Charge alleges national origin discrimination and retaliation and contains an "x" in the box titled "CONTINUING ACTION." Defendants deny that they discriminated against Plaintiff based on his national origin or retaliated against him. Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 4 and therefore deny the remaining allegations contained therein.

5. Answering Paragraph 5 of the Second Amended Complaint, Defendants admit they received a copy of a Right to Sue Letter from the EEOC for Charge No. 487-2015-00789 dated June 9, 2015.

6. Answering Paragraph 6 of the Second Amended Complaint, Defendants deny the allegations contained therein.

7. Answering Paragraph 7 of the Second Amended Complaint, Defendants deny the allegations contained therein.

II. **PARTIES**

8. Answering Paragraph 8 of the Second Amended Complaint, Defendants admit Plaintiff has been employed by Defendant Bellagio from January 2011 until present in Clark County, Nevada, and are without knowledge or information sufficient to form a belief as to the remaining

LITTLER MENDELSON, P C
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169 5937
702 862 8800

allegations contained therein and on that basis deny the remaining allegations in Paragraph 8.

9. Answering Paragraph 9 of the Second Amended Complaint, Defendants admit Defendant Bellagio is a Nevada Limited Liability Company duly formed and authorized to conduct business under the laws of the State of Nevada and deny the remaining allegations contained therein.

10. Answering Paragraph 10 of the Second Amended Complaint, Defendants admit the allegations contained therein.

11. Answering Paragraph 11 of the Second Amended Complaint, Defendants state that the allegations contained in Paragraph 11 do not contain factual allegations to which a denial or admission by Defendants is required.

12. Answering Paragraph 12 of the Second Amended Complaint, Defendants admit that Defendant Bellagio is required to comply with certain Nevada state and federal discrimination laws as applicable to it, but because no specific state and federal statutes are identified in Paragraph 12, Defendants have insufficient information to form a belief as to the allegations and therefore deny the allegations contained therein.

### III. FACTS COMMON TO ALL CLAIMS

13. Answering Paragraph 13 of the Second Amended Complaint, Defendants admit only that Plaintiff self-identified that he is a white Caucasian male and that Plaintiff was employed by Defendant Bellagio from January 2011 to the present. Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 13 and therefore deny the remaining allegations contained in Paragraph 13.

14. Answering Paragraph 14 of the Second Amended Complaint, Defendants admit Plaintiff started working at Bellagio's Circo restaurant in January 2011 as a Gourmet Food Server. Defendants are without knowledge or information sufficient to form a belief as to whether Plaintiff was the only Albanian employed at the Circo restaurant or whether other similarly situated employees were Hispanic-American, German-American, Hungarian-American, and American as Defendant Bellagio does not request or otherwise collect information related to its employees' national origin and therefore Defendants deny those allegations. Defendants deny all remaining allegations contained in paragraph 14.

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169.5937
702.862.8800

3.

15. Answering Paragraph 15 of the Second Amended Complaint, Defendants deny the allegations contained therein.

16. Answering Paragraph 16 of the Second Amended Complaint, Defendants deny the allegations contained therein.

17. Answering Paragraph 17 of the Second Amended Complaint, Defendants deny the allegations contained therein.

18. Answering Paragraph 18 of the Second Amended Complaint, Defendants deny the allegations contained therein.

19. Answering Paragraph 19 of the Second Amended Complaint, Defendants deny the allegations contained therein.

20. Answering Paragraph 20 of the Second Amended Complaint, Defendants deny the allegations contained therein.

21. Answering Paragraph 21 of the Second Amended Complaint, Defendants admit that Plaintiff requested security be called on December 3, 2012 and deny the remaining allegations contained therein.

22. Answering Paragraph 22 of the Second Amended Complaint, Defendants deny the allegations contained therein.

23. Answering Paragraph 23 of the Second Amended Complaint, Defendants admit that shift assignments were done based on seniority under the applicable Collective Bargaining Agreement and deny the remaining allegations contained therein.

24. Answering Paragraph 24 of the Second Amended Complaint, Defendants admit only that Plaintiff reported concerns about the schedule but deny that Plaintiff reported Rotolo and Forlini discriminated and retaliated against Plaintiff because of his national origin and deny all remaining allegations contained in Paragraph 24.

25. Answering Paragraph 25 of the Second Amended Complaint, Defendants admit only that Defendant Bellagio addressed Plaintiff's concern about the schedule but deny that Plaintiff reported Rotolo and Forlini discriminated against Plaintiff based on his national origin and deny all allegations contained Paragraph 25.

LITTLER MENDELSON, P.C
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169.5937
702.862.8800

26. Answering Paragraph 26 of the Second Amended Complaint, Defendants deny the allegations contained therein

27. Answering Paragraph 27 of the Second Amended Complaint, Defendants deny the allegations contained therein.

28. Answering Paragraph 28 of the Second Amended Complaint, Defendants deny that Plaintiff's "situation became worse" or that Plaintiff's "search for other employment would be in vain." Defendants are without knowledge of information sufficient to form a belief as to the remaining allegations contained therein and therefore deny the remaining allegations in Paragraph 28.

29. Answering Paragraph 29 of the Second Amended Complaint, Defendants deny the allegations contained therein.

30. Answering Paragraph 30 of the Second Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to whether Plaintiff contacted Alvarez or whether Alvarez advised Plaintiff to contact Randy Morton and therefore deny those allegations. Defendants deny the remaining allegations contained in paragraph 30.

31. Answering Paragraph 31 of the Second Amended Complaint, Defendants deny the allegations contained therein.

32. Answering Paragraph 32 of the Second Amended Complaint, Defendants admit only that on or around December 3, 2012, Plaintiff complained that Rotolo yelled at him and that Plaintiff requested security be called. Defendants deny Plaintiff reported that Rotolo had engaged in calling him derogatory names based on his Albanian national origin and deny all remaining allegations contained in Paragraph 32.

33. Answering Paragraph 33 of the Second Amended Complaint, Defendants admit only that Plaintiff received a verbal warning on December 3, 2012, but deny that the verbal warning was retaliatory and deny the remaining allegations contained therein.

34. Answering Paragraph 34 of the Second Amended Complaint, Defendants admit that Plaintiff emailed Randy Morton on June 13, 2013 and deny the remaining allegations contained therein.

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169.5937
702.862.8800

35. Answering Paragraph 35 of the Second Amended Complaint, Defendants deny the allegations contained therein.

36. Answering Paragraph 36 of the Second Amended Complaint, Defendants admit only that Plaintiff applied at Bellagio's Prime restaurant and deny the remaining allegations contained therein.

37. Answering Paragraph 37 of the Second Amended Complaint, Defendants admit Plaintiff applied to Bellagio's Prime restaurant, that there was an issue with Defendant Bellagio's online application system, and that Defendant Bellagio assisted Plaintiff with his Prime application. Defendants deny all remaining allegations contained therein.

38. Answering Paragraph 38 of the Second Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the allegations contained therein and therefore deny the allegations in Paragraph 38.

39. Answering Paragraph 39 of the Second Amended Complaint, Defendants admit Defendant Rotolo resigned in November 2013, and that Daniela DeGrazia was an interim General Manager of Circo but deny that Ms. DeGrazia "replaced" Rotolo who was an Assistant Manager at Circo. Defendants deny all remaining allegations contained in paragraph 39.

40. Answering Paragraph 40 of the Second Amended Complaint, Defendants admit that on January 6, 2014, Plaintiff was suspended pending investigation along with another employee, Christian Johnson and that on January 7, 2014 Plaintiff emailed Dominique Bertolone and Jessica Harbaugh regarding the January 6, 2014 incident with Christian Johnson. Defendants deny the remaining allegations contained therein.

41. Answering Paragraph 41 of the Second Amended Complaint, Defendants admit that Plaintiff filed a grievance with the Culinary Union regarding his January 6, 2014 suspension pending investigation. Defendants deny all remaining allegations contained therein.

42. Answering Paragraph 42 of the Second Amended Complaint, Defendants deny the allegations contained therein.

43. Answering Paragraph 43 of the Second Amended Complaint, Defendants deny the allegations contained therein.

LITTLER MENDELSON, P C
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702 862 8800

44. Answering Paragraph 44 of the Second Amended Complaint, Defendants deny the allegations contained therein.

45. Answering Paragraph 45 of the Second Amended Complaint, Defendants admit that Plaintiff told DeGrazia about a "Fat Andy" sign and deny the remaining allegations contained therein.

46. Answering Paragraph 46 of the Second Amended Complaint, Defendants deny the allegations contained therein.

47. Answering Paragraph 47 of the Second Amended Complaint, Defendants deny the allegations contained therein.

48. Answering Paragraph 48 of the Second Amended Complaint, Defendants deny the allegations contained therein.

49. Answering Paragraph 49 of the Second Amended Complaint, Defendants deny the allegations contained therein.

50. Answering Paragraph 50 of the Second Amended Complaint, Defendants admit that the Culinary Union and Bellagio negotiated a "test and audition" for Lago which was memorialized in a Memorandum of Agreement and deny the remaining allegations contained therein.

51. Answering Paragraph 51 of the Second Amended Complaint, Defendants admit that employees were provided a training manual for Lago and that free classes were held at the Culinary Training Academy to train employees. Defendants deny the remaining allegations contained therein.

52. Answering Paragraph 52 of the Second Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to whether Plaintiff attended the CTA or studied the manual. Defendants admit the Lago audition for all servers included items that were not in the training materials. Defendants deny the remaining allegations contained therein.

53. Answering Paragraph 53 of the Second Amended Complaint, Defendants admit Plaintiff received a score of 86.3% on the written test and that he failed the audition and his combined score did not meet the negotiated 75% to transfer to Lago. Defendants are without knowledge sufficient to form a belief as the remaining allegations contained therein and therefore deny the allegations in Paragraph 53.

7.

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169.5937
702 862 8800

54. Answering Paragraph 54 of the Second Amended Complaint, Defendants admit they received records that indicate Plaintiff went to Harmony Health on February 27, 2015 and Summerlin Hospital Urgent Care on March 4, 2015. Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations contained therein and therefore deny the remaining allegations in Paragraph 54.

55. Answering Paragraph 55 of the Second Amended Complaint, Defendants admit that Bellagio received notice from Culinary Union 226 that Plaintiff filed a grievance regarding the Lago test and audition and that Plaintiff e-mailed Emmanuel Cornet on March 5, 2015 and March 9, 2015 to schedule a Step One Meeting regarding the Lago test and audition. Defendants admit that Bellagio agreed to meet with Plaintiff on March 13, 2015 as a courtesy. Defendants deny the remaining allegations contained in Paragraph 55.

56. Answering Paragraph 56 of the Second Amended Complaint, Defendants admit that a meeting took place on March 13, 2015. Defendants admit that Plaintiff's grievance was untimely and the meeting was not considered a Step One meeting. Defendants admit they discussed Plaintiff's Lago test and audition scores at the March 13, 2015 meeting. Defendants deny the remaining allegations contained in Paragraph 56.

57. Answering Paragraph 57 of the Second Amended Complaint, Defendants admit that there were items on the Lago audition for all servers that were not included in the training manual and deny the allegations contained therein.

58. Answering Paragraph 58 of the Second Amended Complaint, Defendants admit that some servers received passing scores on the Lago audition but Defendants are without knowledge or information sufficient to form a belief as to whether any of the servers who received passing scores were not of Albanian national origin and therefore deny that allegation. Defendants deny the remaining allegations in Paragraph 58.

59. Answering Paragraph 59 of the Second Amended Complaint, Defendants admit only that Defendant Bellagio agreed to meet with Plaintiff on March 31, 2015. Defendants deny the remaining allegations contained in Paragraph 59.

60. Answering Paragraph 60 of the Second Amended Complaint, Defendants deny the

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169.5937
702.862.8800

allegations contained therein.

## IV. CLAIMS FOR RELIEF

### FIRST CLAIM:
### NATIONAL ORIGIN DISCRIMINATION
### IN VIOLATION OF TITLE VII, CIVIL RIGHTS ACT OF 1964.
(against Defendant Bellagio)

Defendants incorporate by reference their responses to the previous allegations set forth in Paragraphs 1 through 60 as though set forth fully herein.

61. Answering Paragraph 61 of the Second Amended Complaint, Defendants deny the allegations contained therein.

62. Answering Paragraph 62 of the Second Amended Complaint, Defendants deny the allegations contained therein.

63. Answering Paragraph 63 of the Second Amended Complaint, Defendants admit Plaintiff failed a test and audition in February 2015 to transfer to Lago restaurant pursuant to a Memorandum of Agreement between Bellagio and Culinary Union 226 and deny the remaining allegations contained therein.

64. Answering Paragraph 64 of the Second Amended Complaint, Defendants deny the allegations contained therein.

65. Answering Paragraph 65 of the Second Amended Complaint, Defendants deny the allegations contained therein.

66. Answering Paragraph 66 of the Second Amended Complaint, Defendants deny the allegations contained therein.

67. Answering Paragraph 67 of the Second Amended Complaint, Defendants deny the allegations contained therein.

68. Answering Paragraph 68 of the Second Amended Complaint, Defendants deny the allegations contained therein.

69. Answering Paragraph 69 of the Second Amended Complaint, Defendants deny the allegations contained therein.

70. Answering Paragraph 70 of the Second Amended Complaint, Defendants deny the

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169.5937
702.862.8800

1  allegations contained therein.

2  71.  Answering Paragraph 71 of the Second Amended Complaint, Defendants deny the
3  allegations contained therein.

## SECOND CLAIM:
## RETALIATION IN VIOLATION OF 42 U.S.C. §2000e-3
### (against Defendant Bellagio)

Defendants incorporate by reference their responses to the previous allegations set forth in Paragraphs 1 through 71 as though set forth fully herein.

72.  Answering Paragraph 72 of the Second Amended Complaint, Defendants deny the allegations contained therein.

73.  Answering Paragraph 73 of the Second Amended Complaint, Defendants admit Plaintiff failed a test and audition in February 2015 to transfer to Lago Restaurant pursuant to a Memorandum of Agreement between Bellagio and the Culinary Union, and deny the remaining allegations contained therein.

74.  Answering Paragraph 74 of the Second Amended Complaint, Defendants deny the allegations contained therein.

75.  Answering Paragraph 75 of the Second Amended Complaint, Defendants deny the allegations contained therein.

76.  Answering Paragraph 76 of the Second Amended Complaint, Defendants deny the allegations contained therein.

77.  Answering Paragraph 77 of the Second Amended Complaint, Defendants deny the allegations contained therein.

78.  Answering Paragraph 78 of the Second Amended Complaint, Defendants deny the allegations contained therein.

79.  Answering Paragraph 79 of the Second Amended Complaint, Defendants deny the allegations contained therein.

80.  Answering Paragraph 80 of the Second Amended Complaint, Defendants deny the allegations contained therein.

. . .

LITTLER MENDELSON, P.C.
Attorneys At Law
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169.5937
702.862.8800

10.

### THIRD CLAIM:
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS – "FAT ANDY" SIGN
### (against Defendant Bellagio)

Defendants incorporate by reference their responses to the previous allegations set forth in Paragraphs 1 through 80 as though set forth fully herein.

81. Answering Paragraph 81 of the Second Amended Complaint, Defendants deny the allegations contained therein.

82. Answering Paragraph 82 of the Second Amended Complaint, Defendants deny the allegations contained therein.

83. Answering Paragraph 83 of the Second Amended Complaint, Defendants deny the allegations contained therein.

84. Answering Paragraph 84 of the Second Amended Complaint, Defendants deny the allegations contained therein.

85. Answering Paragraph 85 of the Second Amended Complaint, Defendants deny the allegations contained therein.

86. Answering Paragraph 86 of the Second Amended Complaint, Defendants deny the allegations contained therein.

87. Answering Paragraph 87 of the Second Amended Complaint, Defendants deny the allegations contained therein.

### FOURTH CLAIM:
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS – TEST AND AUDITION
### (against Defendant Bellagio)

Defendants incorporate by reference their responses to the previous allegations set forth in Paragraphs 1 through 87 as though set forth fully herein.

88. Answering Paragraph 88 of the Second Amended Complaint, Defendants deny the allegations contained therein.

89. Answering Paragraph 89 of the Second Amended Complaint, Defendants deny the allegations contained therein.

90. Answering Paragraph 90 of the Second Amended Complaint, Defendants deny the

11.

allegations contained therein.

91. Answering Paragraph 91 of the Second Amended Complaint, Defendants deny the allegations contained therein.

92. Answering Paragraph 92 of the Second Amended Complaint, Defendants deny the allegations contained therein.

93. Answering Paragraph 93 of the Second Amended Complaint, Defendants deny the allegations contained therein.

## FIFTH CLAIM:
## INTENTIONAL INTERFERENCE WITH
## PROSPECTIVE ECONOMIC ADVANTAGE
### (against all Defendants)

Defendants incorporate by reference their responses to the previous allegations set forth in Paragraphs 1 through 93 as though set forth fully herein.

94. Answering Paragraph 94 of the Second Amended Complaint, Defendants deny the allegations contained therein.

95. Answering Paragraph 95 of the Second Amended Complaint, Defendants deny the allegations contained therein.

96. Answering Paragraph 96 of the Second Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the allegations contained therein and therefore deny the allegations in Paragraph 96.

97. Answering Paragraph 97 of the Second Amended Complaint, Defendants deny the allegations contained therein.

98. Answering Paragraph 98 of the Second Amended Complaint, Defendants deny the allegations contained therein.

99. Answering Paragraph 99 of the Second Amended Complaint, Defendants deny they prevented or interfered with a prospective economically advantageous relationship and are without knowledge or information sufficient to form a belief as whether any of Defendants' actions, which are not specifically identified, were justified or privileged.

100. Answering Paragraph 100 of the Second Amended Complaint, Defendants deny the

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas NV 89169-5937
702 862 8800

12.

allegations contained therein.

101. Answering Paragraph 101 of the Second Amended Complaint, Defendants deny the allegations contained therein.

102. Answering Paragraph 102 of the Second Amended Complaint, Defendants deny the allegations contained therein.

### III. DEMAND FOR JUDGMENT RELIEF

Defendants are not required to respond to Plaintiff's Prayer for Relief. However, to the extent Plaintiff's Prayer for Relief asserts any factual allegations; Defendants deny each and every allegation set forth in Plaintiff's Prayer for Relief.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

As a first separate and affirmative defense, Defendants allege that Plaintiff's Second Amended Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

As a second separate and affirmative defense, Defendants allege that Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

As a third separate and affirmative defense, Defendants are informed and believe and thereupon allege that Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel, laches, and unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

As a fourth separate and affirmative defense, Defendants are informed and believe and thereupon allege that Plaintiff has failed to mitigate his alleged damages.

### FIFTH AFFIRMATIVE DEFENSE

As a fifth separate and affirmative defense, Defendants allege that Plaintiff failed to exhaust his contractual, administrative, and/or statutory remedies.

### SIXTH AFFIRMATIVE DEFENSE

As a sixth separate and affirmative defense, Defendants allege that any relief Plaintiff may be

LITTLER MENDELSON, P C
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas NV 89169 5937
702 862 8800

entitled to is barred and/or limited by the after-acquired evidence doctrine.

### SEVENTH AFFIRMATIVE DEFENSE

As a seventh separate and affirmative defense, Defendants allege that any actions taken concerning Plaintiff were done for legitimate, non-discriminatory business reasons consistent with federal laws, state laws, and public policies.

### EIGHTH AFFIRMATIVE DEFENSE

As an eighth separate and affirmative defense, Defendants allege that Defendants at all times acted in good faith, without malice and were justified with regard to any legal obligations they may have had towards Plaintiff.

### NINTH AFFIRMATIVE DEFENSE

As a ninth separate and affirmative defense, Defendants allege that if discrimination and/or retaliation occurred, Defendants did not know nor should have known of the allegedly discriminatory and retaliatory conduct(s).

### TENTH AFFIRMATIVE DEFENSE

As a tenth separate and affirmative defense, Defendants allege, assuming *arguendo*, that any unlawful discrimination and/or retaliation occurred, that it exercised reasonable care to prevent and promptly correct any discriminatory and/or retaliatory behavior and that Plaintiff unreasonably failed to take advantage of any corrective opportunities provided by Defendant Bellagio.

### ELEVENTH AFFIRMATIVE DEFENSE

As an eleventh separate and affirmative defense, Defendants allege that Plaintiff has failed to set forth facts sufficient to support a claim for punitive damages, special damages, or attorney's fees.

### TWELFTH AFFIRMATIVE DEFENSE

As a twelfth separate and affirmative defense, Defendants allege that Plaintiff is not entitled to punitive damages because the alleged misconduct would be contrary to Defendants' good faith efforts to comply with applicable federal law. Further, Plaintiff's claim for punitive damages is invalid on its face or as applied to Defendants pursuant to Article IV, Section 2 and the 1st, 6th, 8th, and 14th Amendments to the Constitution of the United States.

## THIRTEENTH AFFIRMATIVE DEFENSE

As a thirteenth separate and affirmative defense, Defendants allege that if Plaintiff is adjudged to be entitled to any recovery, Defendants are entitled to a set-off for any compensation, including without limitation to, workers' compensation benefits, unemployment compensation benefit, wages, salaries, and/or social security payments, received by Plaintiff.

## FOURTEENTH AFFIRMATIVE DEFENSE

As a fourteenth separate and affirmative defense, because the Second Amended Complaint is couched in conclusory and vague terms, Defendants cannot fully anticipate all affirmative defenses that may be applicable to this case. Accordingly, Defendants hereby reserve the right to assert additional affirmative defenses.

WHEREFORE, Defendants pray as follows:

1. That Plaintiff take nothing by reason of his Second Amended Complaint, and that judgment be entered in favor of Defendants;

2. That Defendants be awarded their reasonable attorney's fees and cost of suit incurred in defense of this action; and

3. For such other and further relief as the court may deem just and proper.

Dated: August 31, 2016

Respectfully submitted,

PATRICK H. HICKS, ESQ.
MONTGOMERY Y. PAEK, ESQ.
AMY L. BAKER, ESQ.
LITTLER MENDELSON, P.C.

Attorneys for Defendants
BELLAGIO, LLC and VINCENT ROTOLO

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169.5937
702.862.8800

## PROOF OF SERVICE

I am a resident of the State of Nevada, over the age of eighteen years, and not a party to the within action. My business address is 3960 Howard Hughes Parkway, Suite 300, Las Vegas, Nevada, 89169. On August 31, 2016, I served the within document(s):

**DEFENDANTS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

[X] By CM/ECF Filing – Pursuant to FRCP 5(b)(3) and LR 5-4, the above-referenced document was electronically filed and served upon the parties listed below through the Court's Case Management and Electronic Case Filing (CM/ECF) system:

James P. Kemp, Esq.
Victoria L. Neal, Esq.
Kemp & Kemp, Attorneys at Law
7435 W. Azure Drive, Suite 110
Las Vegas, NV 89130

Attorneys for Plaintiff

I am readily familiar with the firm's practice of collection and processing correspondence for mailing and for shipping via overnight delivery service. Under that practice it would be deposited with the U.S. Postal Service or if an overnight delivery service shipment, deposited in an overnight delivery service pick-up box or office on the same day with postage or fees thereon fully prepaid in the ordinary course of business.

I declare under penalty of perjury that the foregoing is true and correct. Executed on August 31, 2016, at Las Vegas, Nevada.

/s/ Erin Melwak
Erin Melwak

Firmwide:142234678.1 060736.1097