1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

ANDI KRAJA,                                    )
                                               )     Case No. 2:15-cv-01983-APG-NJK
                    Plaintiff(s),              )
                                               )
vs.                                            )     ORDER
                                               )
BELLAGIO, LLC, et al.,                         )
                                               )     (Docket No. 41)
                    Defendant(s).              )
_____)

The Court previously granted Defendants' motion for reasonable attorneys' fees arising out of their successful motion to strike Plaintiff's experts.  Docket No. 40 at 6; *see also* Docket No. 69 (affirming that order).  The only remaining dispute is the calculation of those fees.  Defendants have filed paperwork as to the amount they seek to recover.  Docket No. 41.  Plaintiff filed a response in opposition, and Defendants filed a reply.  Docket Nos. 42, 44.  The Court finds this issue properly resolved without a hearing. *See* Local Rule 78-1.  For the reasons discussed more fully below, the Court calculates the attorneys' fees at $6,943.  This amount shall be paid to Defendants within 14 days of the issuance of this order.

Reasonable attorneys' fees are generally calculated using the traditional "lodestar" method. *See, e.g.*, *Camacho v. Bridgeport Fin'l, Inc.*, 523 F.3d 973, 978 (9th Cir. 2008).  Under the lodestar method, the Court determines a reasonable fee by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate." *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  The

lodestar figure is presumptively reasonable. *Cunningham v. County of Los Angeles*, 879 F.2d 481, 488 (9th Cir. 1988).[1]

### A.   REASONABLE HOURS

The touchstone in determining the hours for which attorneys' fees should be calculated is whether the expenditure of time was reasonable. *See, e.g., Marrocco v. Hill*, 291 F.R.D. 586, 588 (D. Nev. 2013). The Court "has a great deal of discretion in determining the reasonableness of the fee and, as a general rule, [an appellate court] will defer to its determination . . . regarding the reasonableness of the hours claimed by the [movant]." *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 453 (9th Cir. 2010) (quoting *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992)).[2] The reasonableness of hours expended depends on the specific circumstances of each case. *Camacho*, 523 F.3d at 978. In reviewing the hours claimed, the Court may exclude hours related to overstaffing, duplication, and excessiveness, or that are otherwise unnecessary. *See, e.g.*, *Hensley*, 461 U.S. at 433. In making this determination for hours expended on a particular motion, "the Court considers factors such as the complexity of the issues raised, the need to review the record and pleadings, and the need to conduct legal research, in addition to the length of the briefing." *See, e.g.*, *Marrocco*, 291 F.R.D. at 588.

In this case, Defendants seek to recover attorneys' fees for 36.6 hours expended in relation to the motion to strike and reply brief. Docket No. 41 at 2. In particular, Defendants seek to recover 2.4 hours strategizing, 16.3 hours preparing the motion to strike, 0.6 hours for the senior attorney to review the briefing, and 17.3 hours reviewing the opposition and preparing the reply. *See id.* Plaintiff contends

---

[1] Adjustments to the lodestar are proper in only "rare and exceptional cases." *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986). A departure from the lodestar is not warranted in this case.

[2] Plaintiff urges that any award of attorneys' fees should be tempered by the fact that Defendants did not properly meet-and-confer prior to filing their motion to strike. *See, e.g.*, Docket No. 42 at 14. Plaintiff's argument mirrors the rules applicable to certain types of discovery motions, such as motions to compel. *See* Fed. R. Civ. P. 37(a)(1) (requiring a pre-filing conference for motions to compel); Fed. R. Civ. P. 37(a)(5)(A) (instructing that fees should not be awarded arising out of a motion to compel if a pre-filing conference was not conducted). Pursuant to Ninth Circuit law, however, Defendants were not required to conduct a pre-filing conference before moving for sanctions under Rule 37(c)(1). *See Hoffman v. Construction Protective Servs., Inc.*, 541 F.3d 1175, 1179 (9th Cir. 2008); *see also Greene v. Alan Waxler Group Charter Servs., LLC*, 2014 WL 1089667, *2 n.5 (D. Nev. Mar. 18, 2014) (collecting cases).

2

that the hours claimed are excessive and unreasonable.  In particular, Plaintiff argues that the briefing was relatively short and did not involve extensive sections on legal analysis with respect to the motion to strike.  *See* Docket No. 42 at 10-12.  Plaintiff also contends that the issues presented were not complex or novel.  Docket No. 42 at 14.  Plaintiff opines that a reasonable amount of time expended would have been 15 hours.  *Id.* at 15.

The Court has reviewed the arguments presented in the pending request for attorneys' fees, as well as the briefing on the underlying motion to strike.  The Court concludes that the 2.1 hours claimed by Montgomery Paek are reasonable and proper.  The Court finds the hours claimed for the work performed by Amy Baker to be excessive, however, and concludes that Defendants should recover for 25 hours of her time.

### B.    HOURLY RATE

Having determined the hours reasonably expended by counsel, the Court turns to the hourly rate with which to calculate the lodestar.  The party seeking an award of attorneys' fees bears the burden of establishing the reasonableness of the hourly rates requested.  *Camacho*, 523 F.3d at 980.  "To inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence–in addition to the attorney's own affidavits–that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation."  *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984).  "Affidavits of the [movant's] attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the [movant's] attorney, are satisfactory evidence of the prevailing market rate."  *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990).  The Court may also rely on its own familiarity with the rates in the community to analyze those sought in the pending case.  *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011).

In this case, Defendants seek a rate of $370 for Mr. Paek, an attorney with roughly ten years of experience.  Docket No. 41 at 2.  Defendants seek a rate of $300 for Ms. Baker, an attorney with roughly six years of experience.  *See id.*  Defendants also attach biographies for these two attorneys, attesting to their educational backgrounds and some of their accomplishments.  *See* Docket No. 41-2. Plaintiff

3

balks at these requested rates, arguing that they are beyond the upper range of customary rates charged in this District. *See* Docket No. 42 at 12.

Plaintiff has the better argument. There is consistent and ample case law establishing that the upper range of the prevailing rates in this District is $450 for partners and $250 for experienced associates. *See, e.g.*, *Sinayan v. Luxury Suites Int'l, LLC*, 2016 WL 4394484, *4 & n.4 (D. Nev. Aug. 17, 2016) (Navarro, C.J.) (collecting cases). With respect to Mr. Paek, Defendants highlight his ten years of experience and urge that he is working in a supervisory role similar to that of a partner even if he lacks that title. *See, e.g.*, Docket No. 44 at 5 n.5. The latter contention is borne out by the fact that the partner handling this litigation billed no time in relation to the underlying motion. *See* Docket No. 41 at 3. Given these circumstances, the Court finds that the lodestar should be calculated for Mr. Paek's time using a rate of $330. *See Easley v. U.S. Home Corp.*, 2012 WL 3245526, *3 (D. Nev. Aug. 7, 2012) (awarding similar rate for attorney with ten years of specialized experience in employment law). With respect to Ms. Baker, the Court finds that an appropriate hourly rate is $250, which is in line with the prevailing rate discussed above and other determinations for attorneys with similar experience. *See, e.g., Greene*, 2014 WL 1347788, at *3 (awarding similar rate for attorney with similar experience level).

Accordingly, the lodestar will be calculated using an hourly rate of $330 for Mr. Paek and an hourly rate of $250 for Ms. Baker.

C.     LODESTAR CALCULATION

Based on the hours and hourly rates outlined above, the Court calculates the lodestar as $6,943.

IT IS SO ORDERED.

DATED: September 21, 2016

NANCY J. KOPPE
United States Magistrate Judge

4