UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ANDI KRAJA, | Case No. 2:15-cv-01983-APG-NJK |
| Plaintiff(s), | |
| vs. | ORDER |
| BELLAGIO, LLC, et al., | (Docket No. 83) |
| Defendant(s). | |

Pending before the Court is Defendants' motion to supplement their request for attorneys' fees to include those fees incurred in responding to Plaintiff's unsuccessful Rule 72 objection. Docket No. 83. Plaintiff filed a response opposing the motion, and Defendants filed a reply. Docket Nos. 90, 92. The Court finds the motion properly resolved without a hearing, *see* Local Rule 78-1, and therefore **VACATES** the hearing set on this motion for October 4, 2016.[1] For the reasons discussed below, the motion is hereby **DENIED**.

The Court has discretion to award attorneys' fees incurred in responding to an objection to a magistrate judge's order granting a motion to exclude, as those fees were "caused by the failure" to properly disclose. *See* Fed. R. Civ. P. 37(c)(1)(A); *see also Marrocco v. Hill*, 291 F.R.D. 586, 590 (D. Nev. 2013) (finding attorneys' fees were recoverable for objection to order issued pursuant to Rule

---

[1] The Court is not herein vacating that hearing with respect to the other pending matters that have been set for hearing on that date.

37(a)(5)(A)); *General Motors Corp. v. Johnson Matthey, Inc.*, 887 F. Supp. 1240, 1246 (E.D. Wis. 1995) (same under Rule 37(b)(2)); *Blair v. CBE Group, Inc.*, 2014 WL 4658731, *2 (S.D. Cal. Sept. 17, 2014) ("District courts have routinely awarded attorneys' fees pursuant to Federal Rule of Civil Procedure 37 for fees incurred in responding to a Rule 72(a) objection" (collecting cases)). Nonetheless, Defendants are incorrect in asserting that they are "entitled" to those fees as a matter of course because they prevailed in opposing Plaintiff's objection. *See* Docket No. 83 at 2. Whether to award attorneys' fees under Rule 37(c)(1)(A) is a discretionary decision entrusted to the Court. *See* Fed. R. Civ. 37(c)(1)(A) (in addition to or instead of exclusion sanction, courts "may" order payment of attorneys' fees); *see also Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) (district courts have "particularly wide latitude" in exercising their discretion whether to issue sanctions under Rule 37(c)(1)). Defendants have obtained significant relief with respect to the underlying dispute, including exclusion of expert testimony and attorneys' fees for bringing their motion. *See* Docket No. 40; *see also* Docket No. 69 (affirming that order in its entirety). In the circumstances of this case, the Court declines to make a further award of attorneys' fees with respect to the Rule 72(a) objection.

Accordingly, the motion to supplement the request for attorneys' fees is **DENIED**.

IT IS SO ORDERED.

DATED: September 21, 2016

_____
NANCY J. KOPPE
United States Magistrate Judge