UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ANDI KRAJA, | Case No. 2:15-cv-01983-APG-NJK |
| Plaintiff(s), | |
| vs. | ORDER |
| BELLAGIO, LLC, et al., | (Docket Nos. 108, 109, 110) |
| Defendant(s). | |

Pending before the Court is Plaintiff's motion for reconsideration, errata thereto, and second motion for reconsideration. Docket Nos. 108-110. The motions fail for the threshold reason that they rely on the incorrect rule and standards. The motion relies on Rule 60 of the Federal Rules of Civil Procedure, and the standards applicable thereto. *See* Docket No. 108 at 9. Rule 60, however, applies to relief from final orders and/or judgment. Local Rule 59-1 establishes the circumstances in which a party may move for reconsideration of an interlocutory order, such as the one at issue here.[1] Accordingly, the motions are **DENIED** without prejudice.[2]

---

[1] The Court generally rules based on the arguments presented. When parties incorrectly formulate the applicable standard, however, the Court has a duty to ensure that the correct standard is applied. *See, e.g.*, *Bateman v. United States Postal Serv.*, 231 F.3d 1220, 1224 (9th Cir. 2000).

[2] Counsel should also consider conferring to determine whether it is in the interest of the parties' and judicial economy to have this dispute raised only through Defendant's apparently forthcoming motion for sanctions, *see* Docket No. 108 at 8-9, rather than Plaintiff filing a renewed motion for reconsideration coupled with a counter-motion for sanctions, which appears to be the course the parties are headed.

The Court also reminds counsel that it is not impressed with unnecessary personal attacks on opposing counsel. *Compare* Docket No. 108 at 6 (referencing opposing counsel's conduct as "vitriolic" and "unprofessional, unethical, uncivilized, and unacceptable") *with Kondrk v. Towbin Dodge LLC*, 2015 U.S. Dist Lexis 156665, at *1 (D. Nev. Nov. 18, 2015) (reminding counsel of the need for civility in the legal profession, and admonishing them for filing briefs "heavy on vitriol and light on substance"). In particular, when an attorney feels compelled to tarnish opposing counsel in her briefing, she runs the risk of damaging her own credibility and reputation with the Court. *See Britain v. Clark County*, 2017 WL 123431, at *2 n.4 (D. Nev. Jan. 11, 2017) ("To the extent counsel are compelled to repeat their allegations of unethical conduct, they are entering treacherous waters and should try not to sink their own ship during that voyage"); *see also Dunn v. Wal-Mart Stores, Inc.*, 2013 WL 5940099, at *3 (D. Nev. Nov. 1, 2013) ("A zealous advocate who disregards her role as an officer of the court becomes unreliable and prone to making exaggerated arguments, which the court regards with skepticism"). Counsel is urged to omit unnecessary personal attacks from any renewed motion.[3]

IT IS SO ORDERED.

DATED: January 20, 2017

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[3] Similarly, the motion should limit its discussion of the facts to those necessary to establish that the motion is procedurally proper (*e.g.*, any required pre-filing conference was held) and those necessary to deciding the motion on its merits. *Compare* Docket No. 108 at 6-7 (discussing at length the attorneys' conduct in scheduling of the pre-filing conference) *with Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1145 (D. Nev. 2015) (outlining the certification requirement for pre-filing conferences, which focuses on details related to the actual conference itself).