**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ANDI KRAJA, | Case No. 2:15-cv-01983-APG-NJK |
| Plaintiff(s), | |
| vs. | ORDER |
| BELLAGIO, LLC, et al., | (Docket Nos. 112, 113, 115, 116, 117) |
| Defendant(s). | |

Pending before the Court are Plaintiff's motions to strike Defendants' expert, to extend time, and for sanctions. Docket Nos. 115, 116, 117. Defendants have filed a response in opposition, and Plaintiff has filed a reply. Docket No. 120, 121. The Court finds the motions properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed more fully below, Plaintiff's motions are **GRANTED** in part and **DENIED** in part.

**I.    BACKGROUND**

This is an employment case in which Plaintiff alleges that Defendants, *inter alia*, interfered with his potential employment with Caesars Entertainment. *See, e.g.*, Docket No. 82 at ¶¶ 28, 94-101. In support of that allegation, Plaintiff attached to his complaint an exhibit of an email exchange with the assistant manager at Caesars Entertainment stating that Plaintiff would not be hired in light of statements made by Defendant Rotolo. *See id.*, Exh. 2 (hereinafter, "Javorek email"). On October 4, 2016, the Court ordered Plaintiff to produce the Javorek email in native format or a functionally equivalent format within 30 days. Docket No. 102. The Court also found that Plaintiff's counsel may show the Javorek

email to defense counsel in Plaintiff's Yahoo! inbox. *Id.* Following ensuing meet-and-confer efforts in light of the Court's order, Plaintiff asserted that he could no longer find the Javorek email in his inbox and informed his counsel that he had lost some of his emails from an apparent hacking of his email account. *See, e.g.*, Docket No. 108-8 at ¶ 8. Instead, Plaintiff produced a forwarded version of the Javorek email.

Defendants do not believe Plaintiff's story. Defendants instead contend that the hacking explanation is untrue and that the forwarded version of the Javorek email is a fabrication. *See, e.g.*, Docket No. 112 at 2-3. As a result, Defendants have moved for sanctions, including case-dispositive sanctions, for failing to comply with the order granting Defendants' motion to compel. *Id.* at 12. In support of their motion, Defendants attached the declaration of an expert in computer forensics, Daniel L. Regard II, supporting their theories regarding the Javorek email. *See* Docket No. 114-1.

Plaintiff vigorously disputes the veracity of Defendants' position, but has not yet filed a response to the pending motion for sanctions. Instead, Plaintiff filed the pending motions to strike Mr. Regard as an expert, to reopen discovery, and for sanctions of their own. *See* Docket No. 115-117.[1] In particular, Plaintiff contends that Mr. Regard was disclosed well after the expert disclosure deadline and after the discovery cutoff, and that Plaintiff has been prejudiced by this late disclosure. *See, e.g.*, Docket No. 115 at 4-5. With respect to the latter, Plaintiff contends that Defendants should have sought to reopen discovery so that Plaintiff could obtain his own expert and subject Defendant's witness to cross examination. *See id.* at 4-5, 6. Plaintiff also contends that he is financially strapped, and that spending money with respect to Defendants' expert is an unreasonable financial hardship. *Id.* at 5.

Defendants respond that their reliance on Mr. Regard's opinion is entirely proper. Among other arguments, Defendants contend that striking Mr. Regard as an expert is not appropriate because the untimely disclosure was substantially justified. *See, e.g.*, Docket No. 120 at 6-7.

---

[1] At times Plaintiff references striking Defendants' pending motions, *see* Docket No. 115 at 1, but it appears Plaintiff is actually seeking to strike Mr. Regard as an expert, *see, e.g., id.* at 4. To the extent Plaintiff seeks to strike Defendants' motions, that request is denied for the same reasons as those outlined herein.

## II.     STANDARDS

A party must disclose the identity of any expert witness it intends to use at trial. Fed. R. Civ. P. 26(a)(2)(A). The party must also provide a written report of the expert. Fed. R. Civ. P. 26(a)(2)(B). Parties must disclose their experts at the times and in the sequence that the Court orders. Fed. R. Civ. P. 26(a)(2)(D).

When a party fails to meet its expert disclosure obligations, the Court turns to Rule 37(c) to determine whether sanctions are appropriate. Rule 37(c)(1) provides that a non-compliant party is "not allowed to use the information or witness to supply evidence . . . at trial, unless the failure was substantially justified or harmless." The party facing the sanction has the burden of showing substantial justification or harmlessness. *See Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106-07 (9th Cir. 2001). Courts have outlined several factors in determining whether substantial justification and harmlessness exist, including (1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of trial; and (4) bad faith or willfulness in not timely disclosing the evidence. *See, e.g.*, *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003); *Lanard Toys Ltd. v. Novelty, Inc.*, 375 Fed. Appx. 705, 713 (9th Cir. Apr. 13, 2010) (unpublished decision).

Even where non-disclosure is neither harmless nor justified, however, courts are not required in all instances to impose an exclusion sanction. *Jackson v. United Artists Theatre Circuit, Inc.*, 278 F.R.D. 586, 594 (D. Nev. 2011). Courts have wide discretion in determining the appropriate sanction. *See Yeti*, 259 F.3d at 1106. In determining the appropriate sanction, courts look to five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *See Wendt v. Host Int'l, Inc.*, 125 F.3d 806, 814 (9th Cir. 1997).

## III.    ANALYSIS

There is no dispute that Mr. Regard's opinion was disclosed after the expert disclosure deadline and after the close of discovery. Nonetheless, the Court concludes that the late disclosure was substantially justified based on the circumstances of this case. There was no bad faith or willfulness in

the timing of the disclosure; rather, that timing flowed from the parties' on-going discovery dispute regarding the Javorek email. Plaintiff acknowledges that the meet-and-confer process with respect to the Javorek email did not conclude until January 17, 2017. *See, e.g.*, Docket No. 115 at 4. Defendants filed their motion for sanctions and Mr. Regard's opinion within a few weeks of the conclusion of the meet-and-confer process. *See* Docket Nos. 113, 114.

The Court also finds that the prejudice to Plaintiff can be minimized. Plaintiff focuses his prejudice argument most significantly on the need to be able to obtain his own expert and to cross-examine Mr. Regard. The Court will allow Plaintiff 30 days to obtain an expert and serve an expert report. Moreover, as discussed more fully below, the Court will hold an evidentiary hearing on Defendants' motion for sanctions at which time Mr. Regard and any expert retained by Plaintiff shall appear to testify and be cross-examined.

Lastly, there is not substantial likelihood that trial will be disrupted. A trial has not yet been set in this case, and Defendants' summary judgment motion remains pending. Moreover, given the schedule the Court sets below for resolving Defendants' motion for sanctions, the dispute regarding the Javorek email should be resolved well in advance of any trial in this case.

For each of these reasons, the Court finds the untimely disclosure of Mr. Regard as an expert to be substantially justified. Given the circumstances of this case, the Court declines to strike him as an expert and further declines to impose any other sanction on Defendants, such as attorneys' fees. The Court will, however, provide Plaintiff 30 days to obtain his own expert.[2]

## IV.  SCHEDULE FOR RESOLVING DEFENDANTS' MOTIONS FOR SANCTIONS

Defendants' motions for an order to show cause and discovery sanctions remain pending. Docket Nos. 112, 113. Plaintiff shall retain and disclose any computer forensics expert of his own by

---

[2] For the first time in reply, Plaintiff argues that Defendants' underlying motion for sanctions fails because they failed to plead fraud as an affirmative defense. *See, e.g.*, Docket No. 121 at 2-3, 5. The Court does not generally consider arguments raised for the first time in reply. *E.g., Bazuaye v. I.N.S.*, 79 F.3d 118, 120 (9th Cir. 1996). To the extent Plaintiff wishes to do so, however, he may brief this issue in his opposition to Defendants' motion for sanctions. The Court herein expresses no opinion on that issue.

April 14, 2017. Plaintiff's response to Defendants' motions shall be filed by April 21, 2017, and Defendants' reply thereto shall be filed by April 28, 2017.

The Court further sets an evidentiary hearing on Defendants' motions for 8:30 a.m. on May 12, 2017.[3] Plaintiff, Mr. Regard, and any expert retained by Plaintiff as outlined above, must all appear in person to testify at that hearing. The parties may also present other testimony and evidence to support their positions. The parties shall file witness and exhibit lists for that evidentiary hearing by May 5, 2017.

## V.  CONCLUSION

For the reasons discussed more fully above, Plaintiff's motions (Docket Nos. 115, 116, 117) are **GRANTED** in part and **DENIED** in part. Moreover, a briefing schedule and evidentiary hearing are **SET** on Defendants' motions (Docket Nos. 112, 113) as outlined in Section IV.

IT IS SO ORDERED.

DATED: March 15, 2017

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[3] "When necessary, the district court may hold an evidentiary hearing on a motion for sanctions." *Wyle v. R.J. Reynolds Indus., Inc.*, 709 F.2d 585, 592 (9th Cir. 1983).