**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| ANDI KRAJA, <br><br> Plaintiff, <br><br> v. <br><br> BELLAGIO, LLC and VINCENT ROTOLO, <br><br> Defendants. | Case No. 2:15-cv-01983-APG-NJK <br><br> **ORDER GRANTING MOTION FOR NEW TRIAL** <br><br> (ECF No. 214) |

Defendant Bellagio, LLC filed a motion for judgment as a matter of law or, alternatively, for a new trial. ECF No. 214. Because the verdict is based on a false piece of critical evidence, I will vacate the jury's verdict and order that a new trial be held.

At trial, plaintiff Andi Kraja testified that he took two photographs of the "Fat Andy" sign at issue in this case. He testified that took the first photograph (admitted as trial exhibit 1) in June 2014 and that he took the second photograph (admitted as trial exhibit 2) in August 2014. After the trial, Bellagio's new counsel had an expert analyze the metadata for the two photographs. The expert concluded that the June 2014 photograph (exhibit 1) was actually taken in August 2014, three minutes before the August photograph that was admitted as exhibit 2. ECF Nos. 214-4, 214-5. Kraja's expert does not dispute that conclusion. ECF No. 237 at 23. Thus, Kraja testified falsely about the date he took the photograph that is trial exhibit 1.

"[T]he trial judge [has] the right, and indeed the duty, . . . to set aside the verdict of the jury . . . where, in his conscientious opinion, the verdict . . . is based upon evidence which is false, or to prevent, in the sound discretion of the trial judge, a miscarriage of justice." *Moist*

*Cold Refrigerator Co. v. Lou Johnson Co*., 249 F.2d 246, 256 (9th Cir. 1957). False testimony does not have to rise to the level of perjury to justify a new trial. "The trial court may grant a new trial only if the verdict is contrary to the clear weight of the evidence, is based upon false or perjurious evidence, or to prevent a miscarriage of justice." *Passantino v. Johnson & Johnson Consumer Prod., Inc*., 212 F.3d 493, 510 (9th Cir. 2000).

Not all false evidence should be the basis of a new trial. Witnesses may misremember facts and testify falsely without intending to do so. And the false evidence may not be important in the overall scheme of the trial. I am loathe to overturn a jury's verdict. But where, as here, the false testimony was about a critical piece of evidence, and Kraja relied heavily on that evidence to prove both liability and damages, I must seriously consider granting a new trial.

Proof that the alleged June photograph was actually taken in August is more than just impeachment evidence. During opening and closing, Kraja's counsel repeatedly called the photographs the "silent witnesses" that contradicted the testimony of the Bellagio's witnesses, even suggesting they were the "most important witness." *See* ECF No. 209 at 130:10-25[1]; ECF

---

[1] "And I think that once you've heard all of the evidence in this case, and particularly the most important witness in this case, which is a silent witness, Mr. Kraja, he took some photographs, but he also took video, two videos, one on August 14th, 2014, that shows the general area where the sign was and how it was behind the Plexiglass. He took another video again on September 19th, which is a little over a month later. He had taken a photograph of it -- the first photograph that he took was back in June. He took that and showed it to his friends to say, look what they're -- look what they're doing to me here, and he also, when he met with Human Resources, his testimony is that he showed it to Human Resources. The Human Resources person will probably dispute that, and you're going to have to really use your eyes and follow the evidence here and consider the impact of the silent witness in this case that shows this sign was up, it was up for months, they did nothing about it, it inflicted serious emotional distress on Mr. Kraja. . . ."

2

No. 210 at 168:22-25[2] and 180:12-19.[3] The photographs were offered as unrebuttable proof that the Fat Andy sign had been displayed in the same location from June through September. Kraja's counsel suggested in closing that the Bellagio's witnesses lied because the photographs and videos do not lie. ECF No. 210 at 180:20-25.[4] That is very different from having photographs only allegedly demonstrating that it was displayed from August to September. The alleged June photograph contradicted the testimony of several Bellagio witnesses who said they looked around the restaurant, even in June and July, and did not see a sign. If the jurors believed the photograph was taken in June, they easily could have believed the Bellagio knowingly presented three witnesses who lied on the stand, significantly harming Bellagio's case. That also may have factored into the jury's calculation of damages. The critical nature of the alleged June photograph cannot be ignored.

      Bellagio fails to explain why it did not investigate the metadata and discover this issue before trial. Kraja argues the motion should be denied for that reason. But the Ninth Circuit has held that "even assuming that [the defendant] was not diligent in uncovering the fraud, the district court was still empowered to set aside the verdict, as the court itself was a victim of the fraud." *Pumphrey v. K.W. Thompson Tool Co.*, 62 F.3d 1128, 1133 (9th Cir. 1995) (citing *Hazel-*

---

[2] "The first thing I would say is that the silent witnesses in this case speak louder than any others, and the silent witnesses in this case are the photographs and the videos. I'd like to put those on the screen if we can, starting with Exhibit 1, Plaintiff's Exhibit 1."

[3] You'll get -- you have to look at this. I mean, you have witnesses that are telling you that this never happened, that Andi was never -- that the Fat Andy sign was never there, you know, that it just didn't exist. But we have the silent witnesses. We have the photographs and the videos that show it was there, and there was really no way that it could have been taken down. It was there for the entire period. That's what the evidence shows in this case."

[4] "People sometimes lie. Circumstances don't. These videos don't. They were shown to people in June. You can see the -- on the other photograph and the videos, you can see the dates. It was up that entire time."

*Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 246 (1944). Given the importance at trial of the false evidence, a new trial is warranted.

Although Kraja presented the false evidence, Bellagio is not entirely without blame. Had Bellagio timely discovered this issue—and there is no reason it could not and should not have done so during the discovery period—a second trial would not be necessary. It is difficult to understand why Bellagio did not pursue this during discovery, given that each side's story about the photograph was directly contradictory. Because Bellagio could have avoided this problem, fairness dictates that Bellagio reimburse Kraja for the fees and costs incurred in connection with the first trial. Counsel shall confer about those fees and costs. If they cannot reach an agreement on an amount, Kraja will submit an application for fees and costs.

I THEREFORE ORDER that the Bellagio's motion for judgment or new trial (**ECF No. 214) is GRANTED IN PART**. The motion for judgment as a matter of law is denied without prejudice as moot. I grant the alternative relief of a new trial. The verdict entered after the April 1-3, 2019 trial (ECF Nos. 199, 202) is vacated.

I FURTHER ORDER the parties to file a proposed Pretrial Order by February 5, 2020.

I FURTHER ORDER the parties to confer about the fees and costs Kraja incurred in connection with the first trial. If the parties cannot reach an agreement on an amount for Bellagio to reimburse, Kraja will submit an application for fees and costs, with supporting documentation, by February 5, 2020. Bellagio will have 21 days to file an opposition, and Kraja may file a reply 14 days thereafter.

DATED this 6th day of January, 2020.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

4